**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NUMBER 6:22-CR-00140-JCB-** |
| **v.** | § | **JDL-1** |
| | § | |
| | § | |
| **CHRISTOPHER DESHAUN WANSLEY,** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On October 6, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Christopher Deshaun Wansley. The government was represented by Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of an Unregistered Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of II, was 21 to 27 months. On September 27, 2023, U.S. District Judge J. Campbell Barker of the Eastern District of Texas sentenced Defendant to 24 months imprisonment, followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, acquiring a high school equivalency certificate, and payment of a $100.00 special assessment fee. On August 19, 2024, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division.

1

Under the terms of supervised release, Defendant was required to refrain from any activities prohibited by federal, state, or local laws. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about October 19, 2024, when Defendant possessed a firearm in violation of a federal law prohibiting individuals previously convicted of felonies from possessing firearms. *See* 18 U.S.C. § 922(g)(1). If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing a firearm in violation of federal law, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the guideline imprisonment range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting Defendant from violating any federal, state, or local laws asserted as Allegation 1 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 8 months with no period of supervised release to follow. The government additionally recommended that this term of imprisonment run concurrently with the sentence imposed in Case No. 6:24-CR-00141 in the Eastern District of Texas.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted, that he be imprisoned for 8 months with no supervised release to follow, and that this sentence run concurrently with the sentence imposed in Case No. 6:24-CR-00141 in the Eastern District of Texas. The court further **RECOMMENDS** that Defendant serve his sentence at FCI

Texarkana, TX if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 7th day of October, 2025.**

JOHN D. LOVE

UNITED STATES MAGISTRATE JUDGE